## Lomkin, Appellant, *v.* Geasey.

Argued January 30, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Albert H. Wernick,* with him *Maurice Marmon,* for appellant.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 25, 1940:

Plaintiff is seeking damages from defendant, Walter Worthington, a minor who appears by his guardian ad litem, for injuries sustained as a result of being struck by an automobile operated by defendant. Plaintiff was a passenger in a trolley car. It and the automobile were proceeding in the same direction. As the trolley car approached the intersecting street at which plaintiff desired to alight, according to her own story, when the car stopped she alighted and saw the automobile at a distance, which she approximated at 125 feet. She said she started across the street and had made but two steps when she was hit. She thought she was about five feet from the curb at the time of the impact. She was rendered unconscious and remembered nothing more. A witness called by her said the automobile hit her as she stepped down from the trolley car. Defendant, and a witness called by him, testified that the trolley car went past the corner of the intersection, the doors opened and plaintiff jumped from the trolley car, while it was still in motion, and struck his automobile before her feet touched the ground. The court submitted the case to the jury, which found a verdict for defendant.

The only question stated by appellant's counsel is whether the overruling of his motion for a new trial was an abuse of discretion by the trial court, where the basis for the motion was prejudicial remarks by the trial court, his attitude toward the appellant and her attorney, and errors in the charge.

The real complaint of appellant is, we quote from her brief: "The whole tenor of the charge and the remarks

of the court was to disparage the plaintiff's case. The trial judge both in the manner in which he made remarks, his gestures, manner in which he asked questions, repeated answers and his general attitude, attempted to discredit the plaintiff in the eyes of the jury." We cannot know what the judge's manner was (Judges should display good manners in the court room), what gestures he made, how he asked questions or repeated answers, or what was his general attitude. We have only the stenographic notes of what was said.

After reading the entire record with care, we are unable to say from anything which appears that harmful error was committed or that the trial judge said anything calculated to prejudice plaintiff's case.

Much was made in the oral argument of an utterance of the judge while plaintiff's counsel was addressing the jury in his summing-up speech. From what appears in the notes, the judge called counsel's attention to the rule that in his closing argument he was to answer the argument made by defendant's counsel. To the court's suggestion, plaintiff's counsel replied that he was making a very good answer to the argument, to which the court observed that he did not think "you will have a majority with you on that." While it might have been an unnecessary and unwarranted statement by the trial judge, we cannot believe that it worked any prejudice to appellant.

So far as the charge is concerned, a reading of it convinces us that it fairly submitted the case to the jury.

It would take more than is here shown, to warrant us in ordering a new trial on the ground that the conduct of the trial judge had prejudicially affected a party whose case was being heard by him. No admonishment is required by us to as experienced a trial judge as he who presided in this case, to so guard his conduct and manner as not to give offense to counsel and in bearing always to be impartial.

Judgment affirmed.